UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ENERTECHNIX, INC., )
 ) No. C15-0744RSL
               Plaintiff, )
    v. )
 ) ORDER TRANSFERRING CASE TO
SYN-FAB, INC., ) THE SOUTHERN DISTRICT OF
 ) ALABAMA AND AWARDING FEES
               Defendant. )
_____)

      This matter comes before the Court on "Defendant's Motion to Dismiss for Lack of Personal Jurisdiction." Dkt. # 6. Plaintiff, a Washington corporation, has developed, patented, and commercialized mid-wave infrared imaging systems for monitoring conditions in high-temperature, particle-laden environments such as boilers. Plaintiff alleges that defendant "has offered for sale and sold infringing high temperature and industrial process monitoring systems throughout the United States" and that plaintiff believes such sale activities have occurred within this judicial district. Dkt. # 1 at ¶ 4. Defendant, an Alabama corporation, asserts that this Court does not have personal jurisdiction over it and seeks dismissal of plaintiff's claims and an award of fees under RCW 4.28.185(5).

      Because this motion is being decided on the affidavits without the benefit of an evidentiary hearing, plaintiff's burden is to establish a *prima facie* showing of in personam

ORDER TRANSFERRING CASE TO THE
SOUTHERN DISTRICT OF ALABAMA
AND AWARDING FEES

jurisdiction over defendant. Grober v. Mako Prods., Inc., 686 F.3d 1335, 1346 (Fed. Cir. 2012).[1] In evaluating defendant's jurisdictional contacts, the Court accepts uncontroverted allegations in the complaint as true and resolves factual conflicts in plaintiff's favor. Elecs. for Imaging, Inc. v. Coyle, 340 F.3d 1344, 1349 (Fed. Cir. 2003). Having reviewed the memoranda, declarations, and exhibits submitted by the parties[2] and taking the evidence in the light most favorable to plaintiff, the Court finds as follows:

## BACKGROUND

Defendant has provided evidence that, contrary to plaintiff's belief and allegation, defendant did not offer for sale or sell an infringing product in this district. Although Syn-Fab maintains a website that is accessible throughout the United States, the site is static and simply provides information regarding Syn-Fab and its products. Customers, including customers in Washington, cannot make purchases through the website. Syn-Fab's president reviewed the company's quote file and job history databases from 2000 to the present and states that Syn-Fab has never sold or offered to sell an infringing mid-wave imaging system to any Washington consumer. Dkt. # 8 at ¶ 7. His review revealed that, in 2012, Syn-Fab provided a price quote for a multiple wavelengths imaging system that, if correctly configured, could have fallen within the scope of plaintiff's patents, but the system was offered for sale without a camera core. Dkt. # 8 at ¶ 9. In response, plaintiff's president asserts that high-temperature imaging systems such as the one for which a quote was given in 2012 "always include a camera core at the time of shipping," that if that were not the case in this instance, final assembly would have been performed by Syn-Fab at a later date, and that the quote documents would likely clarify how and

---

[1] Personal jurisdiction, while procedural in nature, was deemed "intimately involved with the substance of the patent laws" and is therefore governed by the law of the Federal Circuit. Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1016 (Fed. Cir. 2009).

[2] Defendant's evidentiary objections are overruled.

ORDER TRANSFERRING CASE TO THE
SOUTHERN DISTRICT OF ALABAMA
AND AWARDING FEES                    -2-

by whom the camera was to be installed. Dkt. # 14 at ¶¶ 12-14. Plaintiff requests that, if the motion to dismiss is not denied outright, jurisdictional discovery be permitted or the case transferred to the "District of Alabama"[3] pursuant to 28 U.S.C. § 1631. Defendant submitted evidence in reply identifying the requesting customer as a seller of camera cores who did not need a fully functional system. Dkt. # 16 at ¶ 3.

## DISCUSSION

**A. Personal Jurisdiction**

The district court's determination of a party's amenability to suit is made by reference to the law of the state in which it sits. Akro Corp. v. Luker, 45 F.3d 1541, 1543-44 (Fed. Cir. 1995). Despite the rather narrow terms of Washington's long-arm statute, RCW 4.28.185, the state Supreme Court has held that the statute "extends jurisdiction to the limit of federal due process." Shute v. Carnival Cruise Lines, 113 Wn.2d 763, 771 (1989). Because the long-arm statute is coextensive with the outer limits of federal due process, the Court need determine only whether the exercise of jurisdiction comports with the federal constitutional requirements. Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1404-05 (9th Cir. 1994).

To determine whether the Court has specific jurisdiction[4] over a non-resident defendant, the Federal Circuit considers whether:

> (1) the defendant purposefully directed its activities at residents of the forum state,
> (2) the claim arises out of or relates to the defendant's activities with the forum state; and (3) the assertion of personal jurisdiction is reasonable and fair.

Elecs. for Imaging, 340 F.3d at 1350. Plaintiff offers nothing but speculation and conjecture in support of its allegation that defendant sold or offered for sale an infringing product in this

---

[3] There are three federal judicial districts in the State of Alabama. Plaintiff alleges that defendant's principal place of business is in Mobile, which is in the Southern District of Alabama.

[4] Plaintiff does not allege that the courts of Washington may exercise general jurisdiction over defendant.

ORDER TRANSFERRING CASE TO THE
SOUTHERN DISTRICT OF ALABAMA
AND AWARDING FEES           -3-

district. The sale of non-infringing products, such as air filters and lenses, within the district does not satisfy the due process requirements because plaintiff's claims do not arise out of those activities. See Avocent Huntsville Corp. v. Aten Int'l Co. Ltd., 552 F.3d 1324, 1332 (Fed. Cir. 2008); Malico Inc. v. Cooler Master USA Inc., C09-0732RAJ, Dkt. # 18 at *4-5 (W.D. Wash. July 9, 2010). With regards to the 2012 price quote, the only non-speculative evidence in the record shows that the system on offer did not contain a camera core and was therefore incomplete. Plaintiff does not assert that the system, as offered, was within the scope of its patent claims, but rather contends that if a camera were to be installed at a later date, defendant would have contributed to infringing conduct or could be held liable for indirect infringement. Because the sale was never consummated, however, there was no chance for the potential customer to install a camera core or engage in conduct that directly infringed plaintiff's patent. In the absence of direct infringement, there can be no contributory infringement or inducement in this district for which defendant could plausibly be held liable. Limelight Networks, Inc. v. Akamai Techs., Inc., __ U.S. __, 134 S. Ct. 2111, 2118 (2014); Aro Mfg. Co. v. Convertible Top Replacement Co., 365 U.S. 336, 341 (1961). In the absence of any evidence of infringing conduct within this district, plaintiff has failed to make a prima facie showing that this Court has personal jurisdiction over defendant. Defendant will not be subjected to discovery in a distant forum based on nothing more than plaintiff's hope that some jurisdictional tie will be unearthed.

**B. Attorney's Fees**

Washington's long-arm statute provides that if a defendant is served under the statute "and prevails in the action, there may be taxed and allowed to the defendant as part of the costs of defending the action a reasonable amount to be fixed by the court as attorney's fees." RCW 4.28.185(5). Plaintiff argues that the Court should not exercise its discretion to award attorney's fees because its claims were not frivolous or brought for the purpose of harassing defendant. Dkt. # 13 at 11. Plaintiff claims that State v. O'Connell, 84 Wn.2d 602, 606 (1974), supports

ORDER TRANSFERRING CASE TO THE
SOUTHERN DISTRICT OF ALABAMA
AND AWARDING FEES                -4-

such a limited application of the fee provision, but it is mistaken. As the O'Connell court noted, frivolity and harassment are only the "first question" to be answered when evaluating whether to award fees under RCW 4.28.185(5). If there were a reasonable basis for believing that personal jurisdiction over the defendant existed, the next question is:

> Has the defendant, in being forced to defend the action in this state, been subjected to burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile, which are not balanced by conveniences to the defendant resulting from the trial of the action in this state, and which are of sufficient severity to warrant the court in concluding that, without the award of attorney fees, traditional notions of fair play and substantial justice would be violated?

O'Connell, 84 Wn.2d at 606. Where, as in this case, the defendant does not have the minimum contacts with the jurisdiction to justify haling it into this forum at all, the Court is presented with "the paradigm case for an award of fees under RCW 4.28.185(5)." Scott Fetzer Co., Kirby Co. Div. v. Weeks, 114 Wn.2d 109, 115-16 (1990) ("As a result of plaintiff's resort to the long-arm statute . . . , the defendant suddenly finds himself in need of Washington counsel and responsible for abiding Washington laws and court rules - 'burdens and inconveniences which would have been avoided had the trial been conducted at the place of his domicile.'").

At the time it filed this lawsuit, plaintiff knew little more than that defendant offered for sale and sold products in this district. It apparently assumed that at least one of those products must have infringed plaintiff's patents and filed suit based on its own convenience rather than known facts. This assumption was incorrect and laid bare the inadequacy of plaintiff's pre-filing investigation. The Court finds that it is appropriate to exercise its discretion to compensate defendant for the reasonable fees incurred in defending itself in this forum.

**C. Motion to Transfer**

Plaintiff requests that this case be transferred to the Southern District of Alabama pursuant to 28 U.S.C. § 1631, which provides:

ORDER TRANSFERRING CASE TO THE
SOUTHERN DISTRICT OF ALABAMA
AND AWARDING FEES                    -5-

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Defendant has not responded to or opposed this alternative to outright dismissal.

## CONCLUSION

The exercise of personal jurisdiction over defendant Syn-Fab, Inc., does not comport with the requirements of due process, and this matter shall be transferred to the Southern District of Alabama following a determination regarding the amount of fees to be awarded. Defendant may file an affidavit regarding the reasonable fees incurred in defending this action on or before September 21, 2015, and shall note it for the second Friday thereafter.

Dated this 14th day of September, 2015.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER TRANSFERRING CASE TO THE
SOUTHERN DISTRICT OF ALABAMA
AND AWARDING FEES                -6-